IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **CARRIE M. WARD**, *et al.*, | * |
| Plaintiffs, | * |
| v. | Case No.: GJH-20-3690 |
| | * |
| **STANLEY JONES**, *et al.*, | |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On April 9, 2007, Defendants Stanley Jones and Debra Jones obtained a mortgage loan secured by a Deed of Trust, encumbering real property they owned located at 2322 Springdale Lane, Saint Charles, Maryland 20603. ECF No. 1-3. Following Defendants' default on the Deed of Trust, Plaintiffs were appointed substitute trustees. ECF No. 3-1 at 1; *see* ECF No. 3-7 at 19.[1] Plaintiffs then initiated foreclosure by filing an Order to Docket against the subject property in the Circuit Court for Charles County, Maryland on June 13, 2014, in a case captioned *Carrie M. Ward, et al. v. Stanley Jones, et al.*, No. 08-C-14-001486 (the "Foreclosure Action"). ECF No. 3-7. The Foreclosure Action is based on a statute addressing deeds of trust, mortgages, and other liens in default. *See* Md. Code Ann, Real Prop. § 7-105.1 *et seq.* On June 16, 2014, Defendants were served with the Order to Docket and all the supporting papers, affidavits, and exhibits. ECF No. 3-4. On October 5, 2018, Defendants attempted to remove the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, but the Honorable Judge Chuang remanded the case to state court for lack of subject matter jurisdiction on November 21, 2018. *Ward v. Jones, et al.*,

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

No. TDC-18-3076, ECF No. 8 (D. Md. Nov. 21, 2018). Defendants now attempt to remove the case once more, filing a notice of removal on December 15, 2020. ECF No. 1. In response, Plaintiffs filed a Motion to Remand on December 22, 2020. ECF No. 3. Defendants oppose Plaintiffs' Motion to Remand through a filing titled Motion to Dismiss Plaintiff's Motion to Remand filed on January 11, 2021, which the Court treats as an opposition. ECF No. 4. Plaintiffs replied on January 26, 2021. ECF No. 5. For the reasons stated more fully below, the Court grants Plaintiffs' Motion to Remand.

Federal Courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. See 28 U.S.C. S 1447(c); *In Re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Where defendants seek to remove a case to federal court, "the defendant[s] must simply allege subject matter jurisdiction in [their] notice of removal." *Cunningham v. Twin City Fire Ins. Co.*, 669 F.Supp.2d 624, 627 (D. Md. 2009). "But if the plaintiff[s] challenge[] removal in a motion to remand, then the burden is on the defendant[s] to 'demonstrat[e] that removal jurisdiction is proper.'" *Id.* (citing *Strawn*, 530 F.3d at 296). Here, Defendants have not met their burden of demonstrating that removal was proper because, despite Defendants' contention that the Court has subject matter jurisdiction over this action, the Court lacks both federal question and diversity jurisdiction.

Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff[s'] right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1,

27–28 (1983). This case involves no such causes of action; rather, this case is an *in rem* foreclosure proceeding arising under Maryland state law, involving property located in Maryland. *See Wells Fargo Home Mortg., Inc. v. Neal*, 922 A.2d 538, 550 (Md. 2007) ("This 'power of sale' foreclosure is 'intended to be a summary, in rem proceeding' which carried out 'the policy of Maryland law to expedite mortgage foreclosures.'" (citation omitted)). While Defendants' notice of removal, ECF No. 1, and opposition, ECF No. 4, reflect that Defendants have filed a related action against Plaintiffs in federal court, ECF No. 1-1 at 2; ECF No. 4 at 1, for removal purposes, the Court looks only to the complaint, or in this case, the Order to Docket, to determine whether a federal question is presented. *See Nadel v. Marino,* No. GJH-17-2136, 2017 WL 4776991, at *4 (D. Md. Oct. 20, 2017) ("the fact that [defendants] have a separate federal action pending against the Substitute Trustees does not give the Court supplemental jurisdiction over the Foreclosure Proceeding, which does not involve any federal claims."); *Franchise Tax Bd.*, 463 U.S. at 10 ("For better or worse, under the present statutory scheme . . . a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." (emphasis in original)). Because the Foreclosure Action, as instituted by Plaintiffs, only involves a state law proceeding, and does not involve any federal causes of action, the Court lacks federal question jurisdiction. Removal on this ground was therefore improper.

      The same is true of any attempt to remove this action based on diversity jurisdiction. District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, however, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461

(4th Cir. 1999) (internal citation omitted). Here, there is a lack of complete diversity as it is undisputed that Defendants and all Plaintiffs are citizens of Maryland. ECF No. 3-3 at 1–5, *see also Ward v. Jones, et al.*, No. TDC-18-3076, ECF No. 8 at 1–2 (D. Md. Nov. 21, 2018) (finding that this Court lacks diversity jurisdiction over this action). As a result, this Court lacks diversity jurisdiction and remand is necessary.

Because Defendants have failed to demonstrate this Court's jurisdiction over this matter, the Court must remand this action to the Circuit Court for Charles County, Maryland for further proceedings.[2]

For the reasons stated above, it is ordered by the United States District Court for the District of Maryland that:

1. Plaintiffs' Motion to Remand, ECF No. 3, is **GRANTED**;

2. Defendants' Motion to Challenge Jurisdiction of Eviction Court, ECF No. 2, is **DENIED** as moot; and

3. The Clerk **SHALL CLOSE** the case; and

4. The Clerk **SHALL MAIL** a copy of this Memorandum Opinion and Order to Defendant.

Date: May   13, 2021         /s/_____
                             GEORGE J. HAZEL
                             United States District Judge

---

[2] This Court also notes that Defendants' removal of this case was untimely as they did not remove the case to this Court within thirty days of the initial pleading setting forth the claim for relief as required by 28 U.S.C. § 1446(b)(1). Nor did Defendants attach to their notice of removal "a copy of all process, pleadings, and orders served upon" them in the Foreclosure Action as required by 28 U.SC. § 1446(a). For this additional reason, the Court will remand the case to the Circuit Court for Charles County, Maryland. *Link Telecomm., Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 542 ("A defect in removal procedure renders a case improperly removed. If a defendant does not comply with the thirty-day removal period set forth in § 1446(b), then the court does not need to address the substantive grounds for removal." (internal citations omitted)).